UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LANCE ADRIAN COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-41 DDN |
| | ) |
| RICHARD GRIGGS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action brought under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $26.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

### The Complaint

Plaintiff brings this action against several officials at the Northeast Correctional Center (NECC). After plaintiff was released from administrative segregation on July 12, 2015, he inadvertently left his legal papers under his mattress. The papers included a completed Rule 91 Missouri habeas application and "irreplaceable" exhibits. The inmate who moved into the cell gave the papers to another inmate, who then gave them to a third inmate for delivery to plaintiff. Upon determining that plaintiff's papers were in the hands of another inmate, defendant Dan Wiley confiscated them. According to prison policy, inmates are not allowed to pass property to one another. Plaintiff alleges that Wiley either put them in the trash or he held onto them for a month before sending them to classification staff, who disposed of them. Plaintiff states that the habeas form and exhibits demonstrated his actual innocence. He claims that he has not been able to prove his case as a result of the destruction of the papers.

Plaintiff claims that Wiley's actions violated his right to access to the courts. He alleges that the other defendants named in this action denied his grievances challenging Wiley's actions and the prison policy, and by doing so, they also violated his right to access to the courts.

### Discussion

The Court finds that plaintiff's denial of access to the courts claim against Wiley should not be dismissed at this time. Therefore, the Court will order that he be served with process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."); *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Plaintiff has not alleged that any of the remaining defendants were directly involved in confiscating or destroying his legal papers. Indeed, according to the complaint plaintiff's property had been disposed of by the time the grievances were denied by the defendants. Therefore, his allegations against them do not state a claim under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $26.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350.00 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Dan Wiley.

Dated this 25th day of August, 2016.

                                                                    _____
                                                                    CAROL E. JACKSON
                                                                    UNITED STATES DISTRICT JUDGE