## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LANCE ADRIAN COLE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:16 CV 41 DDN** |
| | ) | |
| **DAN WILEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This action is before the Court on the motion of defendants Dan Wiley and William Jones for summary judgment. (Doc. 94). The Court heard oral argument on the motions. All parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants the motions for summary judgment.

## <u>BACKGROUND</u>

The following facts are uncontroverted unless otherwise specified. At all times relevant to plaintiff's complaint, defendant William Jones was the Deputy Warden of Operations and defendant Dan Wiley was a Corrections Officer in the Missouri Department of Corrections, both at Northeast Correctional Center ("NECC") in Bowling Green, Missouri. (Doc. 96, ¶¶ 1-3; Doc. 112, ¶¶ 1-3). Plaintiff was an inmate incarcerated at NECC, until his release on October 22, 2018. (Doc. 1; Doc. 96, ¶ 1; Doc. 112, ¶ 1). Plaintiff was serving a 15-year sentence related to a 2003 conviction, for which he had filed a number of legal challenges. (Doc. 96, ¶ 6; Doc. 112, ¶ 6). These included a direct appeal and a petition for a writ of habeas corpus. (*Id.*).

On July 12, 2015, plaintiff was moved to a new area of the prison and inadvertently left his legal papers under his mattress during the move. (*Id.* at ¶ 7). The

inmate who moved into plaintiff's old cell gave the legal papers to another inmate, who then gave them to a third inmate for delivery to plaintiff. (*Id.* at ¶ 8). Defendant Wiley observed the third inmate and asked why he was carrying an envelope, and the third inmate admitted that the papers did not belong to him and he was supposed to give them to another prisoner. (*Id.* at ¶ 10). Prison policy generally does not allow inmates to pass property to each other. (*Id.* at ¶ 11).

Defendant Wiley told the inmate he needed to turn over the documents as contraband or receive a conduct violation. (*Id.* at ¶ 13). The inmate gave the documents to defendant Wiley. (*Id.*). The parties dispute whether defendant Wiley's seizure was in line with prison policies. (*Id.* at ¶ 15). Around July or August 2015, defendant Jones learned of the seized documents, which related to two legal claims plaintiff intended to file: petitions for writs of habeas corpus in this federal court and in Illinois state court. (*Id.* at ¶¶ 18-19). These documents included an affidavit by David Horwitz about exculpatory photographs and an affidavit from witness Lorenzo Nunn. (*Id.* at ¶ 21).

In 2010, plaintiff filed a petition for a writ of habeas corpus that included these documents, and this Court found them not exculpatory with regard to an ineffective assistance of counsel claim. *Cole v. Roper*, No. 4:10 CV 197 CEJ, 2013 WL 398755 (E.D. Mo. Feb. 1, 2013).

In this civil action under 42 U.S.C. § 1983, plaintiff's amended complaint alleges the following claims against both defendants in their official and individual capacities, seeking money damages:

**Count 1:** Denial of Access to the Courts, under 42 U.S.C. § 1983

**Count 2:** Denial of Due Process, under 42 U.S.C. § 1983

**Count 3:** Violation of the Equal Protection Clause, under 42 U.S.C. § 1983

**Count 4:** Unlawful Taking, under 42 U.S.C. § 1983

(Doc. 81).

# MOTION FOR SUMMARY JUDGMENT

A. Legal Standard

Summary judgment is appropriate "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770-71 (8th Cir. 2012) (quotation omitted); *see also* Fed. R. Civ. P. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A dispute is genuine if the evidence could prompt a reasonable jury to return a verdict for either the plaintiff or the defendant, and it is material if it would affect the resolution of a case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011). If reasonable minds could differ as to the import of the evidence, then summary judgment is not appropriate. *Anderson v. Liberty Lobby*, 477 U.S. at 250-51 (1986).

B. Discussion

*1. Official Capacity*

Defendants first argue that plaintiff's claims are barred by the Eleventh Amendment. A state is immune from civil rights claims for damages unless it waives its sovereign immunity. *Bd. Of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363 (2001). When a plaintiff brings such a claim against a state official in his official capacity, it is a suit against the state itself, so it will be barred by the Eleventh Amendment. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Because the State of Missouri has not waived its sovereign immunity, "neither the State nor its officials acting in their official capacities are 'persons' capable of being sued under 42 U.S.C. § 1983," *id.*, and plaintiff's official capacity claims must be dismissed. Only the individual capacity claims remain.

*2. Denial of Access to the Courts*

Plaintiff claims that defendants' actions denied him access to the courts. Prisoners have a constitutional right to access the courts. *White v. Kautzky*, 494 F.3d 677,

679 (8th Cir. 2007) (citing *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989)). To establish a violation of this right, a prisoner must plead and prove that he has not been "provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law." *White*, 494 F.3d at 680 (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). Additionally, the plaintiff must show that there was an actual injury. *Id.* To prove an actual injury, the prisoner "must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (quotations omitted). A claim is frivolous if it lacks arguable basis either in law or in fact. *See* Garner, Black's Law Dictionary 677 (8th ed. 1999); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An inmate must also demonstrate that he suffered prejudice. *Weber v. Wood*, 986 F.2d 504 (8th Cir. 1993).

The parties dispute whether plaintiff's documents were "contraband" and whether they were properly seized and disposed of under prison policies. However, given the absence of actual injury or prejudice, these disputes are not material. Plaintiff has not shown that he suffered actual injury or prejudice by the loss of these legal materials, or that his claims have an arguable basis either in law or fact. With regard to plaintiff's federal habeas petition, this Court already considered the effect of the photographs and affidavits. *Cole v. Roper*, No. 4:10 CV 197 CEJ, 2013 WL 398755 (E.D. Mo. Feb. 1, 2013). That case addressed the evidence in the context of an ineffective assistance of counsel claim, but the Court nevertheless considered whether the evidence would have changed the outcome of the case. Plaintiff has not indicated the specific claim his second federal habeas petition would have raised. However, in every case, plaintiff would need to show that the inclusion of the evidence would have changed the outcome of the case. *Id.* at *4. As this Court already considered that question and concluded the evidence would not have changed the outcome of plaintiff's case, and was not exculpatory, plaintiff's second habeas petition would have been frivolous and he suffered no prejudice.

As to plaintiff's Illinois putative state habeas claim,[1] plaintiff was not in the custody of the State of Illinois, so such an action would have been frivolous. *See, e.g., People ex rel. Jackson v. Moore,* 336 N.E.2d 197, 198 (1975) (holding that habeas relief in Illinois courts is available only to individuals in Illinois state custody); (Doc. 112, Ex. 1 at 45-49) (plaintiff testifying that the state and federal motions for writs of habeas corpus were the only actions he was pursuing at that time).

For these reasons, defendants are granted summary judgment as to Count 1.

*3. Due Process Claim*

Plaintiff also claims that he was deprived of property without due process of law. When it is legal property that is taken, *Simmons*, the case upon which plaintiff relies, explains that the alleged violation concerns a substantive, fundamental right. *Simmons v. Dickhaut*, 804 F.2d 182, 184-85 (1st Cir. 1986). Accordingly, that claim involving the taking of legal property was ultimately a substantive claim for denial of access to the courts. For the reasons discussed above, plaintiff's substantive due process claim of access to the courts is without merit.

To the extent plaintiff raises a procedural due process claim, the Supreme Court has held that intentional deprivations of property by a state officer do not violate due process if post-deprivation procedures are available. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). Here, there are several post-deprivation procedures available to plaintiff, including state prison grievance procedures, which plaintiff used, as well as state-law remedies, such as common law trespass to chattels. *See Foremost Ins. Co. v. Pub. Serv. Comm'n of Missouri*, 985 S.W.2d 793, 797 (Mo. Ct. App. 1998); 2 Mo. Tort Law, § 21.19 (MoBar 2d ed.1990). Moreover, plaintiff alleges "policies or customs, practices

---

[1] At the hearing, plaintiff stated that this was an action for wrongful imprisonment, but in his deposition and in every court filing, he has described it as a motion for a writ of habeas corpus. Based on his detailed deposition testimony and the fact that wrongful imprisonment claims may form the basis of motions for habeas corpus relief, the Court interprets plaintiff's deposition testimony as referring to a motion for writ of habeas corpus, based on his allegations of illegal incarceration in Illinois. (Doc. 112, Ex. 1 at 45-49).

and usages" that harass offenders and deprive them of their rights to the court without proper or independent investigation, but plaintiff has shown no evidence of such policies. Defendants are entitled to summary judgment on plaintiff's due process claims.

### 4. Equal Protection Claim

Plaintiff claims that he was discriminated against and treated differently than other prisoners situated similarly to him with regard to the destruction of his documents. An equal protection claimant must demonstrate he was treated differently than others similarly situated to him. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Dissimilar treatment of dissimilarly situated people does not violate equal protection. Plaintiff claims that "all inmates" were treated one way and he was treated differently, because his legal materials were taken. "A § 1983 class-of-one equal protection claim is stated when a plaintiff alleges that a defendant intentionally treated [him] differently from others who are similarly situated and that no rational basis existed for the difference in treatment." *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011). The Supreme Court has defined the outer limits of this cause of action by excluding class-of-one claims in the context of public employment, explaining:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Engquist v. Oregon Department of Agriculture,* 553 U.S. 591, 603 (2008).

Many decisions by corrections officers in a prison, like those in the employment context, are based on subjective factors. "*Engquist* underscores the importance of context in determining whether the alleged intentional disparate treatment is actionable or rather a permissible exercise of discretion." *Mathers v. Wright*, 636 F.3d at 400.

Prisoners have a constitutional right of access to the courts, and state prison officials may not actively interfere with inmates' attempts to prepare legal documents, but must ensure "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citations omitted). Delays in obtaining legal documents are not of constitutional significance, even where they result in actual injury, "so long as they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362.

Based on the uncontroverted facts, the prison policy was to not destroy or remove any legal material from the prison except via a specific storage and notification procedure. (Doc. 112, Ex. 3). When defendant Wiley intercepted the documents from another offender, he did not follow this procedure, but took the documents and kept them either at his home, as Jones testified, or in his office, as Wiley testified. (Docs. 112-2 at 11-14; 112-4 at 38-41). When plaintiff initiated the grievance process, Jones became aware of the missing documents and reviewed Wiley's actions. He determined that the materials would be disposed of as contraband, as they were found in the possession of another inmate. He informed plaintiff of this via the grievance process. (Doc. 112, Ex. 5).

While plaintiff suggests that Wiley was acting out of personal animus in keeping the documents, his testimony in context is to the contrary—that Wiley would have disposed of the documents, but when he found out they were plaintiff's, he kept them as he anticipated there would be grievances filed. (Doc. 112, Ex. 2 at 47). The entirety of his testimony reads:

> [A]t the time, it was contraband. Nothing but contraband. So I opted to put it in my file cabinet until I could properly dispose of it. Before I could dispose of it Mr. Cole came over and said that it was his stuff. "Mr. Cole, I'm sorry. I've disposed of it." That's what was supposed to have happened. But because it's Lance Cole I kept ahold of it. . . . I said, "I'm going to hold onto these, because I know what's going to happen."

(*Id.* at 47-48). These actions were within the reasonable discretion of the defendants as prison officials. Plaintiff has not offered any evidence that defendants treated other

inmates' abandoned or misplaced legal documents differently, when they were found in the possession of another inmate in violation of prison policy. The disposal of the documents following a grievance investigation appears "reasonably related to legitimate penological interests," *Lewis*, 518 U.S. at 362, because the transfer of items between prisoners poses legitimate safety and management concerns.

While plaintiff suggests that defendant Wiley acted out of personal animus, because of plaintiff's history of filing grievances against him, defendant Wiley refrained from following prison procedure to dispose of contraband—an action in plaintiff's favor. While the outcome of the grievance process ultimately confirmed that policy should be followed in disposing the materials as contraband, there is no indication that this outcome was not within the reasonable discretion of defendants. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statue or by its improper execution through duly constituted agents.") (citations omitted). Accordingly, defendants are entitled to judgment as a matter of law on this claim.

5. *Takings Claim*

Finally, plaintiff claims that the destruction of his private legal property was a taking for public purposes without just compensation, in violation of the Fifth Amendment. (Doc. 81). Plaintiff relies on an opinion from the Northern District of Texas, which held that when a prisoner's legal materials were confiscated pursuant to prison policy, which policies are enforced to secure the prisons, the taking was for public use. *McCullough v. Johnson*, No. 7:05 CV 58R, 2007 WL 3406753, at *5 (N.D. Tex. Nov. 14, 2007). However, other courts have compared to statutory forfeiture the confiscation of inmate property for violations of prison regulations. The Supreme Court, for example, held that deprivations of property accomplished as an exercise of state police power required no compensation. *Hamilton v. Kentucky Distilleries & Warehouse Co.*, 251 U.S. 146, 156-57 (1919). Forfeiture is the "divesture of specific property without compensation resulting from failure to comply with the law." 37 C.J.S.

Forfeiture § 2 at 3 (1943). The Court is persuaded that *McCullough* considered the question too narrowly: while a taking of property to enforce prison regulations will make the prison safer and more secure, it is not a taking so much as a forfeiture. A forfeiture is constitutionally permissible without compensation if it is "reasonably necessary to accomplish a legitimate purpose under the police power." *Id.*, § 4 at 8 (citations omitted).

The prison's policy prohibiting the transfer of such material is reasonably necessary to accomplish a legitimate purpose under the police power. While defendant Wiley's steps taken beyond the initial confiscation—in failing to deposit the documents in the storage room or follow the usual procedure for legal documents—may not have complied with policy, at that point, the purpose was personal, not public. The action against him is in his individual capacity, and there was no government taking when defendant Wiley chose to take the documents home contrary to prison procedure. Both defendants are entitled so judgment as a matter of law.

For the reasons discussed above, the defendant's motion for summary judgment (Doc. 29) is **granted**. An appropriate judgment order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 27, 2019.